AO 472  (Rev. 3/86)  Order of Detention Pending Trial

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA

CASE NO: 09-30324

v

DONTIERER MILLS
_____/

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held.  I conclude that the following facts require the detention of the Defendant pending trial in this case.

**Part I—Findings of Fact**

Does not apply.

**Alternative Findings (A)**

(1) There is probable cause to believe that the Defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act/ /Controlled Substances Import & Export Act; Section 1 of Act of Sept. 15, 1980.

(2) The Defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community

**Alternative Findings (B)**

(1) There is a serious risk that the Defendant will not appear.

(2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

**Part II—Written Statement of Reasons for Detention**

The Government moves for detention pursuant to 18 U.S.C. § 3142 and argues that the presumption in favor of detention applies. I concur in that argument as the Defendant faces more than 10 years potential custody for violations of the Controlled Substances Act. I must next consider whether there is sufficient evidence to rebut the presumption in light of the factors set forth in subsection § 3142(g).

As to the factors set forth in subsection (g)(1) and (g)(2), I find that the offense charged involves a narcotic drug, specifically crack cocaine. I find that from the evidence adduced during preliminary examination that there is a definite weight of evidence supporting the charges against the Defendant, including direct purchases of crack cocaine from the Defendant by undercover police agents which were captured on both audio and video.

As to §3142(g)(3), I find that the Defendant is currently 47 years of age, is presently engaged and has two children. The Defendant has lived in Saginaw substantially all his life. Defense counsel correctly points out that the Defendant is gainfully employed as a used car salesman and has been so since September, 2007. Drug testing during Defendant's initial processing was negative for illegal controlled substances. The Pretrial Services report indicates that the Defendant has used two aliases in the past .

Defendant's juvenile record includes a conviction in 1995 for felonious assault and a conviction six months later for possession and delivery of narcotics. Defendant's adult criminal history shows that in January, 1999, the Defendant was charged with possession of narcotics under 25 grams, pled guilty to that charge, and was placed on probation. Hardly a month later, while on that probation, Defendant was charged with harassing conduct as well as prowling and loitering. The Defendant pled guilty. Five months later, and again while on

2

probation, the Defendant was charged with making false reports to law enforcement officers. He pled guilty to that charge. Again while on probation in December, 1999, the Defendant was charged with felony possession of a controlled substance. He pled guilty to that charge and was again placed on probation. He was subsequently sentenced to prison for probation violations. The Defendant was paroled in May, 2000. While on parole, the Defendant was convicted on four occasions of prowling and loitering in Saginaw. Again, while on parole, the Defendant was charged in May, 2002, with delivery of narcotics under 50 grams as well as conspiracy to deliver narcotics. He pled guilty to that charge and was again placed on probation. While on that probation, the Defendant was also convicted on eight occasions of driving while license suspended. He was also convicted of unlawful use of a vehicle registration.

While still on probation, in April, 2007, the Defendant was charged with obstructing justice, felony firearms and felony dangerous drugs in Saginaw. This case appears to have had a convoluted history. After the Defendant was charged with those offenses, he was charged with conspiracy to distribute crack cocaine in this Court. The original state charges were dismissed. Defendant was placed on bond in this Court from February until September, 2008, at which time the federal charges were dismissed. The state charges were reinstated, and information developed by Pretrial Services indicates that the Defendant is presently awaiting trial in Saginaw County on these reinstated charges. Defense counsel proffers that in light of the present charges, the Saginaw County case will very likely again be dismissed. I note further that in January, 2008, the Defendant was charged yet again with driving while license suspended. He was apparently sentenced, although Pretrial Services could not report the exact terms of the sentence.

3

As I weigh these facts under the standards of the Bail Reform Act, I note first that the Defendant has a consistent history of drug charges and prior convictions. At least seven circuits and several district courts, including this district, have held that continued drug dealing constitutes a danger to the community. *United States v. Milan*, 4 F.3d 1038, 1047 (2nd Cir. 1993); *United States v. Strong*, 775 F.2d 504, 507 (3rd Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 ((7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. De Leon*, 766 F.2d 77, 81 (2nd Cir. 1985); *United States v. Webb*, 238 F.3d 426, No. 00-6368, 2000 WL 1721060, * 1 (6th Cir. Nov. 6, 2000); *United States v. Kay*, 82 F.3d 415, No. 96-20058, 1996 WL 167512, *2 (5th Cir. Mar. 15, 1996) *United States v. Arroyo-Reyes*, 32 F.3d 561, No. 94-1535, 1994 WL 440654, *3 (1st Cir. (Puerto Rico) Aug. 15, 1994); *United States v. Pena-Ruiz*, 532 F. Supp. 2d 367, 369 (D. Puerto Rico, 2008); *United States v. Thomas*, No. 2008-0020, 2008 WL 2557997, *4, 2008 WL 2557997 (D. Vir. Isl. June 23, 2008); *United States v. Kelley*, No. 08-40011-01-RDR, 2008 WL 821951, *2-3 (D. Kan. Mar. 26, 2008); *United States v. Hamlin*, No. 07-20274-03, 2007 WL 2225868, *2 (E.D. Mich. Aug. 1, 2007); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, *4 (D. Puerto Rico Dec. 4, 2007) *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, *5 (E.D. Pa. Apr. 9, 2002).

Although the Defendant is employed and has community ties, his extensive adult criminal history has almost entirely taken place while on probation or parole. Thus, it is plainly obvious that the Defendant is unwilling to abide by the conditions of supervision, and I see no legitimate reason to believe that this pattern of behavior would be changed if Defendant is placed on bond in this case. Defense counsel argues that the Defendant is not a flight risk, stating that there is no history of failure to appear. While that may be accurate, the Defendant has never before faced penalties as severe as those possible in this case. The Government also represents that it may choose to file an enhancement of penalties.

These factors constitute incentives to flee never before faced by the Defendant. For all these reasons, therefore, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented, and that the Government's motion to detain is granted.

**Part III—Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
|  | s/ *Charles E. Binder* |
|  | CHARLES E. BINDER |
| Dated: July 31, 2009 | United States Magistrate Judge |

**CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Nancy Abraham and Robert Dunn, and served on Pretrial Services and the U.S. Marshal's Service by other electronic means..

Date: July 31, 2009            By      s/*Jean L. Broucek*
                                      Case Manager to Magistrate Judge Binder

5